IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CORDELL L. GINES**

    **Plaintiff,**

v.

**ALISA DEARMOND,**

    **Defendant.**

Case No. 24-cv-1318-RJD

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

    Plaintiff Cordell L. Gines, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Gines's Complaint (Doc. 1) was dismissed for failure to state a claim, but he was granted leave to file an amended pleading (Doc. 8). In the Amended Complaint (Doc. 16), Gines alleges Defendant Alisa Dearmond was deliberately indifferent to his need for medical equipment in violation of the Eighth Amendment.

    This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In his Amended Complaint, Gines makes the following allegations: On December 15, 2023, Gines was moved to another unit at Menard Correctional Center. His property was packed by another inmate and when Gines checked his property he noticed that all of his medical devices were missing (Doc. 16, p. 6). On December 19, 2023, Gines filed a grievance about his missing medical devices, and he submitted several nurse sick call requests (*Id.*). Those requests were forwarded to Nurse Practitioner Alisa Dearmond (*Id.*). Gines requested replacement of his missing devices, but his requests were ignored (*Id.*). He was scheduled to see Dearmond on January 17, 2024, but she cancelled the appointment (*Id.*). A February 21, 2024 appointment with Dearmond was also cancelled when a nurse told him that Dearmond said she would not see him that day (*Id.*). On March 20, 2024, Gines finally saw Dearmond, but she refused to reissue the devices. She informed Gines that he could obtain medical devices upon his release from prison (*Id.*). As a result of the loss of his medical devices, including Gines's ankle sleeve, elbow sleeve, and orthotic shoes, Gines has been in constant pain and is unable to stand for long periods of time (*Id.*).

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following count:

>   **Count 1:** Eighth Amendment deliberate indifference claim against Alisa Dearmond for failing to replace Gines's medical devices.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, Gines states a claim for deliberate indifference against Alisa Dearmond. He alleges that Dearmond was aware of his need for medical devices, delayed his appointments, and ultimately denied his request for new medical devices. That is enough at this stage to state a claim. Thus, Count 1 shall proceed against Dearmond.

### Pending Motions

To the extent Gines submitted a second motion for leave to proceed *in forma pauperis*, his request is **MOOT** (Doc. 15). Gines was already granted pauper status and assessed an initial partial filing fee (Doc. 6). Further, Gines's motion to add additional

---

[1] This includes any claim against Wexford Health Sources, Inc., and Menard Correctional Center. Although Wexford and Menard were added to the docket as defendants, it appears that Gines filed suit against Dearmond only and merely noted that Dearmond worked at Wexford and Menard (Doc. 16, p. 1). There are no allegations to suggest Gines is pursuing a claim against Wexford or Menard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). *See also Nunez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016) ("The Eleventh Amendment grants states immunity from private suits in federal courts without their consent. An agency of the state receives this same immunity."); *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653-4 (7th Cir. 2021) (Wexford can only be liable if a policy or custom caused the harm.).

exhibits (Doc. 17) is **MOOT**. The exhibit includes a counseling summary indicating his attempts to exhaust his administrative remedies. Although the document may be relevant to the issue of exhaustion, Defendant has not been served nor has she filed a motion on the issue of administrative exhaustion. Once Defendant Dearmond is served and has filed an Answer, the Court will enter a scheduling order regarding discovery related to the issue of whether Gines exhausted his administrative remedies. That order will provide further instructions on what to do with discovery materials such as Gines's counseling summary note.

## Motion for Counsel

Gines also submitted a motion for counsel (Doc. 14). He indicates that he has sought counsel on his own with no success. He also states that he has a grade school education and is not able to read or write well (*Id*. at p. 2). But given the early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] The case is in the early stages of the litigation process as Defendant Dearmond has not yet been served or filed an Answer. As previously stated, once Dearmond files an Answer, the Court will enter a scheduling order with initial discovery deadlines, including deadlines related to the issue of whether Gines exhausted his administrative issues. The

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

4

Court finds that this is a straight-forward issue which Gines should be able to handle on his own. But if he experiences difficulties after the scheduling order is entered, he may renew his request for counsel at that time. For now, his request for counsel is **DENIED without prejudice**.

## Disposition

For the reasons stated above, Count 1 shall proceed against Alisa Dearmond.

The Clerk of Court shall prepare for Defendant Alisa Dearmond: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Gines. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Gines, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

*Because Gines's claims involve his medical care, the Clerk of Court is DIRECTED to enter the Court's standard HIPAA Qualified Protective Order.*

If judgment is rendered against Gines, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Gines is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 10/22/2024**

*/s/ Reona J. Daly*
REONA J. DALY
U.S. Magistrate Judge

6

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**