IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORDELL L. GINES, #B20612, ) | |
| ) | |
| Plaintiff, ) | Case No. 24-cv-01318-RJD |
| ) | |
| v. ) | |
| ) | |
| ALISA DEARMOND, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**DALY, Magistrate Judge:**[1]

Plaintiff Cordell L. Gines, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Docs. 1 & 16.  In the Amended Complaint, Plaintiff alleges that Defendant Alisa Dearmond was deliberately indifferent to Plaintiff's need for medical equipment.  Doc. 18, p. 2.  Dearmond allegedly failed to order the replacement of Plaintiff's medical devices, including his ankle sleeve, elbow sleeve, and orthotic shoes, after another inmate allegedly stole them on December 15, 2023.  *Id.*  Plaintiff alleged that on December 19, 2023, he filed a grievance about his missing medical devices, and he submitted several nurse sick call requests, but his requests were ignored.  *Id.*  On threshold review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on an Eighth Amendment deliberate indifference claim against Dearmond for failing to replace Plaintiff's

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).  Doc. 28.

Page **1** of **8**

medical devices. *Id.*

This matter comes before the Court on Plaintiff's Motion to Show Why Plaintiff Cannot Pay the Initial Partial Filing Fee (Doc. 33), Defendant's Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 34), and Plaintiff's Motion for Leave to File Exhausted Grievance (Doc. 39). For the reasons explained below, Plaintiff's motions are **GRANTED** and Defendant's motion is **DENIED without prejudice**.

**Plaintiff's Motion to Show Why Plaintiff Cannot Pay the Initial Partial Filing Fee (Doc. 33)**

Plaintiff filed a motion explaining that he lacked the funds to pay the assessed partial filing fee of $ 0.25 by the set deadline of March 13, 2025. Docs 32 & 33. Plaintiff attached a copy of his Trust Fund Account to his motion, which shows a nearly zero balance since January 2024. Accordingly, Plaintiff's motion is **GRANTED**. Plaintiff shall have until **November 7, 2025**, to pay that sum in full or to demonstrate that he has no means to pay that amount. If Plaintiff attempts to show that he is without the means to pay the initial partial filing fee, he must include a statement of his prison trust fund account showing all transactions and balances for the entire period this case has been pending.

**Defendant's Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 34) & Plaintiff's Motion for Leave to File Exhausted Grievance (Doc. 39)**

On March 10, 2025, Defendant filed a Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 34). Defendant attached to the motion what purported to be Plaintiff's relevant grievance history. Docs. 35-1 & 35-2. She states that there were only three relevant grievances: Grievance dated December 18, 2023 (Doc. 35-2, pp. 69-70); Grievance dated December 19, 2023; and Grievance dated January 9, 2023 (Doc. 35-2, pp. 110-11). Doc.

35, pp. 7-9.  She argues that Plaintiff failed to properly exhaust any of those grievances.  *Id.*

On March 14, 2025, Plaintiff countered that the grievance process was rendered unavailable to him because he filed Grievance #K4-1223-2007, dated December 17, 2023, regarding his claim, but the institution never responded.  Doc. 37, p. 1   Plaintiff provided copies of the Counselor's responses to his follow-ups on Grievance #K4-1223-2007.  *Id.* at 2.  On November 20, 2024, the Counselor responded: "Grievance# K4-1223-2207 pertaining to Medical Permits . . . was received at the 1st level review on 12/28/23 [and was] submitted to Health Care on 12/28/2023. As of 12/20/2024, I am still waiting on a response for the review of your Grievance from the mentioned department."  *Id.*   On February 25, 2025, the Counselor advised Plaintiff that a response was still pending.  *Id.*   In their reply, Defendant admitted that Plaintiff's Grievance# K4-1223-2207 was still pending second-level review but conclusorily asserted that the grievance was substantively insufficient to place the prison on notice of any claims Plaintiff had against Defendant.  Doc. 38, pp. 2-3.  On August 7, 2025, Plaintiff moved to supplement his response with the ARB's decision of July 15, 2025, which denied Grievance #K4-1223-2207 because Plaintiff failed to identify staff members by name.  Doc. 39.  Defendant did not respond.

As a preliminary matter, and considering Defendant's lack of objection, Plaintiff's Motion for Permission to File Exhausted Grievance Receipt (Doc. 39) is **GRANTED**.  The Court will consider the ARB's response to Grievance #K4-1223-2207 as part of the record.

*Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-*

*Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The movant bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). While courts generally may not resolve factual disputes on a motion for summary judgment, when the motion pertains to a prisoner's exhaustion of administrative remedies, "the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust." *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Roberts v. Neal,* 745 F. 3d 232, 236 (7th Cir. 2014).

*Exhaustion Requirement*

Under the Prison Litigation Reform Act (PLRA), prisoners are required to exhaust available administrative remedies before filing lawsuits in federal court. 42 U.S.C. § 1997e(a). To comply with the PLRA exhaustion requirement, an inmate must follow the prison's grievance process. *Jones v. Bock*, 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (citation omitted). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler,* 438 F.3d 804, 808 (7th Cir. 2006). Thus, "a prisoner who does not properly take each

step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). However, "all dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence, or problem to his or her institutional counselor unless certain discrete issues are being grieved. 20 Ill. Admin. Code § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the CAO—usually the Warden—within two months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the CAO in writing within 30 days to the ARB for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director, who shall review the same and make a final determination within six months of receipt of the appeal. *Id.* § 504.850(d) and (e).

To satisfy its purpose and comply with the PLRA requirements, the grievance must contain sufficient information to allow prison officials "time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 525, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002); *see also Brown v. Briggs*, No. 22-1963, 2023 WL

3674669, at *2 (7th Cir. May 26, 2023) ("the grievance must raise the same claim as the lawsuit and provide enough information to indicate that the defendant is the target").  But the Seventh Circuit has explained that not naming the defendants in a grievance is "a mere technical defect" where the inmate sufficiently describes the alleged wrongdoing to allow prison officials a fair opportunity to respond.  *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

At the same time, inmates are only required to exhaust those administrative remedies that are available to them.  *Dole*, 438 F.3d at 809.  The Supreme Court has explained that administrative remedies are unavailable, for instance, when the administrative process "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates."  *Ross v. Blake*, 578 U.S. 632, 639–40, 136 S.Ct. 1850, 195 L.Ed.2d 117 (2016).  Thus, exhaustion is not required when a prison unreasonably delays or fails to respond to a properly filed grievance.  *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir. 2002).  It is the defendant's burden to show "beyond dispute" that the administrative "remedies were available."  *Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018).

## Discussion

Defendant states that Plaintiff only submitted three relevant grievances:  Grievance dated December 18, 2023 (Doc. 35-2, pp. 69-70); Grievance dated December 19, 2023; and Grievance dated January 9, 2023 (Doc. 35-2, pp. 110-11).  Doc. 35, pp. 7-9.  Plaintiff, however, also points to Grievance #K4-1223-2007, dated December 17, 2023.  Doc. 37, p. 1.  Upon review of the record, the Court finds that Defendant has failed to meet her burden to show that Plaintiff did not exhaust his administrative remedies for two reasons.  First, while Defendant recognizes that the Grievance dated December 19, 2023, is relevant to Plaintiff's claim, she failed to produce it as part

of the record. In her brief, Defendant cites to Exhibit B, pages 207 and 208, for reference to that grievance. Doc. 35, p. 8. However, Exhibit B only covers pages 1 through 206. Doc. 35-2. Without examining the body of the grievance, the Court cannot determine whether the Grievance dated December 19, 2023, is procedurally or substantively deficient, as Defendant argues. *See also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . .").

Second, there is a genuine dispute over whether Plaintiff exhausted his administrative remedies through Grievance #K4-1223-2007, dated December 17, 2023. Plaintiff states that he grieved the denial of his medical permit therein, but the institution failed to provide him with a final determination for over 18 months. Defendant failed to discuss or even produce Grievance #K4-1223-2007, dated December 17, 2023. She only summarily replied that the grievance was substantively deficient. However, this assertion is not supported by the record. Grievance #K4-1223-2007 appears several times in Plaintiff's cumulative summary, and it is described as "pertaining to Medical Permits." Doc. 35-3, pp. 1-11. Based on the Counselor's response, it appears that the grievance had been pending review by the Menard Health Care Unit for over a year. *Id.*; Doc. 37, p. 2. Although the ARB's response only lists stolen property as the grieved issue, the extensive period the grievance was pending before the Health Care Unit indicates there were also medical aspects raised in it. Accordingly, the Court finds that there is a genuine dispute over whether Plaintiff exhausted his administrative remedies.

The Seventh Circuit has instructed lower courts to resolve any contested issues in the context of a prisoner's exhaustion of administrative remedies through an evidentiary hearing. *See Pavey*, 544 F.3d at 742. However, setting this matter for an evidentiary hearing without having

first examined the entirety of the written record would be a waste of judicial resources. Accordingly, the Court finds it appropriate to **DENY without prejudice** Defendant's motion. Defendant is granted leave to renew her motion by **October 13, 2025**, provided that the renewed motion specifically addresses the deficiencies in the written record as to Grievance K4-1223-2207 and the Grievance dated December 19, 2023.

## Conclusion

For these reasons, Plaintiff's Motion to Show Why Plaintiff Cannot Pay the Initial Partial Filing Fee (Doc. 33) and Motion for Leave to File Exhausted Grievance (Doc. 39) are **GRANTED**. Defendant's Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 34) is **DENIED without prejudice**. Defendant is granted leave to renew her motion by **October 13, 2025**, provided that the renewed motion specifically addresses the deficiencies in the written record as to Grievance K4-1223-2207 and the Grievance dated December 19, 2023.

**IT IS SO ORDERED**.

**DATED: September 11, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**