IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CORDELL L. GINES, #B20612 | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-01318-RJD |
| | ) | |
| v. | ) | |
| | ) | |
| ALISA DEARMOND, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on Defendant's Renewed Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 47) and her memorandum in support thereof (Doc. 48). For the reasons explained below, Defendant's motion is **GRANTED**, and this action is **DISMISSED without prejudice**.

### Background

Plaintiff Cordell L. Gines, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pontiac Correctional Center, brought this action on May 17, 2024, alleging deprivation of his constitutional rights under 42 U.S.C. § 1983. Docs. 1 & 16. Plaintiff alleges that Defendant Alisa Dearmond was deliberately indifferent to his need for medical equipment by failing to reorder Plaintiff's medical devices, including his ankle sleeve, elbow sleeve, and orthotic shoes, after another inmate allegedly stole them on December 15, 2023. Doc.

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). Doc. 28.

18, p. 2. Plaintiff claims he was scheduled to see Dearmond on January 17, 2024, but she cancelled the appointment. *Id.* Plaintiff further asserts that an appointment on February 21, 2024, was also cancelled when a nurse told him that Dearmond would not see him that day. *Id.* Plaintiff alleges that he saw Dearmond on March 20, 2024, but she refused to reissue his missing devices and told him he could obtain medical devices upon his release from prison. *Id.* Plaintiff alleged that on December 19, 2023, he filed a grievance about his missing medical devices, and he submitted several nurse sick call requests, but his requests were ignored. *Id.* On threshold review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on an Eighth Amendment deliberate indifference claim against Dearmond for failing to replace Plaintiff's medical devices. *Id.*

On March 10, 2025, Dearmond filed a Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 34). Dearmond represented that there were only three relevant grievances: Grievance dated December 18, 2023 (Doc. 35-2, pp. 69-70); Grievance dated December 19, 2023; and Grievance dated January 9, 2023 (Doc. 35-2, pp. 110-11). Doc. 35, pp. 7-9. She argued that all grievances were substantively deficient and thus failed to exhaust Plaintiff's administrative remedies as to his claims against Dearmond. *Id.*

On September 11, 2025, the Court denied without prejudice Dearmond's motion. Doc. 40. The Court explained that Dearmond had failed to attach to and address in her motion the grievance date December 19, 2023, as well as Grievance #K4-1223-2007, which Plaintiff argued satisfied the exhaustion requirement. *Id.* Plaintiff was granted leave to renew her motion to address the missing grievances. *Id.*

Now pending before the Court is Dearmond's Renewed Motion for Summary Judgment on

Exhaustion of Administrative Remedies (Doc. 47) and her memorandum in support thereof (Doc. 48). Plaintiff responded that Grievance #K4-1223-2007 exhausted his administrative remedies. Doc. 49. For the reasons explained below, Dearmond's motion is **GRANTED**, and this action is **DISMISSED without prejudice**.

*Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The movant bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). While courts generally may not resolve factual disputes on a motion for summary judgment, when the motion pertains to a prisoner's exhaustion of administrative remedies, "the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust." *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Roberts v.*

*Neal,* 745 F. 3d 232, 236 (7th Cir. 2014).

*Exhaustion Requirement*

Under the Prison Litigation Reform Act (PLRA), prisoners are required to exhaust available administrative remedies before filing lawsuits in federal court. 42 U.S.C. § 1997e(a). To comply with the PLRA exhaustion requirement, an inmate must follow the prison's grievance process. *Jones v. Bock*, 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (citation omitted). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler,* 438 F.3d 804, 808 (7th Cir. 2006). Thus, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). However, "all dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence, or problem to his or her institutional counselor unless certain discrete issues are being grieved. 20 Ill. Admin. Code § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the CAO—usually the Warden—within two months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the CAO in writing within 30 days to the ARB for a

final decision.  *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director, who shall review the same and make a final determination within six months of receipt of the appeal. *Id.* § 504.850(d) and (e).

To satisfy its purpose and comply with the PLRA requirements, the grievance must contain sufficient information to allow prison officials "time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 525, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002); *see also Brown v. Briggs*, No. 22-1963, 2023 WL 3674669, at *2 (7th Cir. May 26, 2023) ("the grievance must raise the same claim as the lawsuit and provide enough information to indicate that the defendant is the target").  But the Seventh Circuit has explained that not naming the defendants in a grievance is "a mere technical defect" where the inmate sufficiently describes the alleged wrongdoing to allow prison officials a fair opportunity to respond.  *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

## Discussion

In her initial motion, Dearmond represented that Plaintiff only submitted three relevant grievances, all of which she argued were substantively deficient:  Grievance dated December 18, 2023 (Doc. 35-2, pp. 69-70); Grievance dated December 19, 2023, which Dearmond failed to attach to her motion; and Grievance dated January 9, 2023 (Doc. 35-2, pp. 110-11).  Doc. 35, pp. 7-9.  Plaintiff responded that he exhausted his administrative remedies through Grievance #K4-1223-2007, which Dearmond failed to address.  Doc. 37, p. 1.[2]  In her renewed motion,

---

[2] The ARB's denial letter, which Plaintiff attached to his supplemental response to Dearmond's initial motion for summary judgment, states that Grievance #K4-1223-2007 was dated December 17, 2023.  Doc. 39.  A review of the body of Grievance #K4-1223-2007, however, which Dearmond attached to her renewed motion, shows that Grievance

Dearmond attached Grievance #K4-1223-2007, which is dated December 19, 2023. Accordingly, it appears that Grievance dated December 19, 2023, which Dearmond referenced but failed to attach to her initial motion, is Grievance #K4-1223-2007, which Plaintiff argues fully exhausted his administrative remedies. In his response to the initial motion for summary judgment as well as to the new one, Plaintiff only relies on Grievance #K4-1223-2007. Docs. 37, 39 & 49. He does not dispute that Grievance dated December 18, 2023, and Grievance dated January 9, 2023, did not exhaust his administrative remedies. *Id.* Accordingly, the Court will only address whether Grievance #K4-1223-2207 exhausted Plaintiff's administrative remedies in compliance with the PLRA requirements.

**Grievance #K4-1223-2207, dated December 19, 2023**

On December 19, 2023, Plaintiff filed Grievance #K4-1223-2207, grieving theft of medical permit items by his former cellmate. Doc. 48-1, p. 3. Specifically, Plaintiff stated that on December 15, 2023, after his transfer to protective custody, a correctional officer allowed Plaintiff's former cellmate to pack Plaintiff's personal property. *Id.* His former cellmate allegedly stole several of his medical devices, including his ankle sleeve, elbow sleeve, shoe insoles, orthotic shoes, and four other items. *Id.* Plaintiff requested that "the security staff do more to try and prevent" theft and that Plaintiff be given "high priority to see the nurse practitioner to have stolen medical devices reordered." *Id.*

The Court finds that Grievance #K4-1223-2207 is substantively deficient as to Plaintiff's deliberate indifference claim against Dearmond. The grievance was not listed as relating to medical treatment. *Id.* It does not mention that Plaintiff submitted sick call requests to

---

#K4-1223-2007 was actually dated December 19, 2023. Doc. 48-1, p. 3.

Dearmond, that Dearmond denied Plaintiff medical treatment, refused to reorder his medical devices, or engaged in any other wrongdoing. *Id.* Plaintiff requests that he be allowed to see the nurse practitioner and have his medical items reordered, but he does not grieve the nurse practitioner's failure to do so or to treat Plaintiff otherwise. *Id.* Accordingly, Grievance #K4-1223-2207 could not possibly allow the institution an opportunity to address Plaintiff's deliberate indifference claim against Dearmond. Given that Grievance #K4-1223-2207 is substantively deficient as it pertains to Plaintiff's claim against Dearmond, there is no need to address whether Plaintiff properly followed the facility's grievance process to exhaust it.

Because Plaintiff only argues that he exhausted his administrative remedies through Grievance #K4-1223-2207, which the Court finds substantively deficient, the Court concludes that Plaintiff failed to exhaust his administrative remedies before initiating this action.

## Conclusion

For these reasons, Defendant's Renewed Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 47) is **GRANTED**. This case is **DISMISSED without prejudice,** and the Clerk of Court is **DIRECTED** to enter judgment accordingly. All pending motions are **DENIED as moot**.

**IT IS SO ORDERED**.

**DATED: October 20, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**